## ANNA V. MILLER et al. v. H. C. CORPMAN et al., Appellants.

Division Two, December 29, 1923.

1. **ACTION AT LAW:** Findings of Trial Court: Appellate Practice. In an action at law to try title to real estate, tried by the court without a jury, its finding of facts, if supported by substantial evidence, is conclusive on appeal.

2. **FAILURE TO RULE:** Objection by Respondent. The hearing by the trial court of testimony offered by appellants, over objection of respondent and subject to a subsequent ruling thereon, and failure thereafter to make any definite ruling upon such objections, is a procedure often condemned; but it is a ruling of which respondent cannot complain on appeal.

3. **TAX DEED:** Wrong Description: Last Above Tract. Where the sheriff's deed, made in pursuance to a judgment for taxes, recited that he exposed for sale "the S. W. ¼ of S. E. ¼ of Section 28, in township 28, range 10, and the S. E. ¼ of Section 36, in township 24, range 12; also . . . all of Section 28, in township 27, range 8," and then recited that "the said last above described tract was stricken off and sold," etc., his deed did not convey to the purchaser the tract first described, namely, "the southwest quarter of the southeast quarter of Section 28, in Township 28 and Range 10, and the grantee of such purchaser has no title, by reason of said deed, to said forty acres.

Miller v. Corpman.

4. ———: ———: ———: **Color of Title.** A deed which does not describe the land and does not purport to convey it is not color of title.

5. **DOWER: Limitations: Conveyance: Inheritance.** Where the owner of land died in 1870 and his widow conveyed it to their daughter and only child by quit-claim deed in 1897, and said daughter died in 1914 leaving the plaintiffs as her only heirs, it is immaterial whether the widow's dower was barred by limitations, since, if she had no dower, the plaintiffs took by inheritance.

6. **LIMITATIONS: Finding of Trial Court.** A finding by the trial court, sitting as a jury, that defendant is not entitled to recover either under the ten-year or the thirty-year Statute of Limitations, both pleaded as defenses in the action at law to determine the title, if supported by substantial evidence, is conclusive on appeal.

7. **POWER OF ATTORNEY: Unrecorded.** A deed purporting to have been executed by the attorney-in-fact of the owner of land conveys nothing, where his power of attorney was not recorded, is not offered in evidence and is not shown to have been legally executed.

8. **INCOMPETENT WITNESS: Power of Attorney: Deceased Maker.** The grantee of a deed purporting to have been made by the attorney-in-fact of the owner of land is not a competent witness of any alleged conversation with said owner who is deceased at the time of the trial.

9. **ANCIENT DOCUMENT: Power of Attorney: Recitals in Deed.** Where the trial occurred in 1917, a deed purporting to have been executed in 1894 by the attorney-in-fact of the owner of land, now deceased, is not admissible in evidence as an ancient document. No power of attorney having been recorded, or offered in evidence or shown to exist, it cannot be presumed that recitals contained in the deed of the alleged attorney-in-fact as to powers conferred upon him are true.

10. **TENANTS IN COMMON: Paying Taxes.** The grantees by quit-claim deed of an undivided half interest of the grantor in land, who take possession, do so as tenants in common with the heirs of said grantor, after her death, and hold and use the same and pay taxes thereon for their use and benefit as well as their own, unless said grantees take and hold possession under such circumstances as amount to ouster of said heirs.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*J. L. Fort* and *H. S. Green* for appellants.

(1) If Mrs. Burrus ever had a dower interest in this land her right was barred before she deeded the same to plaintiffs under her quit-claim deed. Jodd v. Mehrtens, 262 Mo. 391. There is no evidence that she ever had a dower assigned to her, and her right to have the same done was barred by the statute when she made the quit-claim deed to plaintiffs. R. S. 1919, sec. 359. (2) A void tax deed creates color of title. Dunnington v. Hudson, 217 Mo. 93. (3) The acts of defendants in selling timber off of this land were acts of ownership. Keaton v. Hamilton, 277 Mo. 540. (4) No action for the recovery of land, or the possession thereof, shall be commenced by any person unless it appears that plaintiff, or some person under whom he claims, was seized or possessed of the premises within ten years before the commencement of the action. R. S. 1919, sec. 1305. Acts of ownership under this section need not occur every day, but they should be of such frequency as to apprise the owners that his seizin was interrupted and his title in danger. Gordon v. Park, 202 Mo. 236; Robinson v. Claggett, 149 Mo. 152. The right to sue for land under this section is barred in ten years, except as to disability of minority, insanity, imprisonment and marriage, as limited in Sections 1307 and 1310. De Hatre v. Edmonds, 200 Mo. 246. Ignorance of right does not exempt one from the running of the statute. Farris v. Coleman, 103 Mo. 352. Color of title is not necessary to originate ownership by limitation. Quick v. Rufe, 164 Mo. 408. Adverse possession not only bars recovery, but vests perfect title in the adverse holder. Franklin v. Cunningham, 187 Mo. 184, 196. If one takes possession of another's land by mistake, claiming ownership, his possession is adverse. Mangold v. Phillips, 186 S. W. (Mo.) 988. The bringing of this suit did not arrest the running of the ten-year Statute of Limitations, because it did not seek to recover the land or its possession. Pepper v. Company,

281 Mo. 562. The taking of a deed from Walter Phelan, attorney in fact for Anna C. Jeffers and S. P. Jeffers, her husband, by defendants, for the land in suit, did not have the effect to suspend the Statute of Limitations from running against plaintiffs. Deck v. Wofford, 282 Mo. 564. (5) The thirty-year Statute of Limitations is a statute of repose, so that disabilities will not prevent its running. Nichols v. Hobbs, 197 S. W. 260. Acquiescence of plaintiffs, as record owners of the land, in the tax judgment, sale and deed, against the heirs of C. Alonzo Kitchen, for twenty-five years, is not entirely without significance, for the law rewards the diligent. Morrison v. Turnbaugh, 192 Mo. 427. Defendants acquired title to the land in suit before plaintiffs paid the taxes thereon and before the suit was begun or contemplated under what is known as the thirty-year Statute of Limitations. R. S. 1919, sec. 1311. Nonpayment of taxes need not be established by direct and positive proof, but may be inferred from other facts and circumstances. Rollins v. McIntire, 87 Mo. 496; Davis v. Dawson, 273 Mo. 499. The title of defendants vested *ipso facto* in thirty-one years if they had lawful possession for one year in that time. Campbell v. Greer, 209 Mo. 199; Grain v. Peterman, 200 Mo. 295. Lawful possession means that possession was obtained in a lawful manner. Laclede v. Epright, 265 Mo. 210; Brannock v. McHenry, 252 Mo. 1; Weir v. Company, 186 Mo. 389; Dunnington v. Hudson, 217 Mo. 93. (6) C. Alonzo Kitchen died in the year 1870, and at the time of his death Anna C. Kitchen, later Anna C. Jeffers, was his only child, and at the time the title first descended to her she was within the age of twenty-one years, and she failed to bring an action to recover this land until after more than twenty-four years after her cause of action accrued and plaintiffs, her children, failed to bring an action to recover this land for more than three years after the expiration of said twenty-four years, and, therefore, this action was barred under the provisions of Sec. 1307, R. S. 1919. De Hatre v. Edmonds, 200 Mo. 246.

Disabilities are not cumulative; the statute begins to run on removal of the first, regardless of the second, whether both disabilities exist in one or in different persons. Robinson v. Allison, 192 Mo. 366; Smelser v. Meier, 196 S. W. 25. (7) If an ancient deed shown to be otherwise competent recites an authority under which it purports to be executed, or recites facts equivalent to a power, the recital is prima-facie evidence of the authority, provided the recital shows the principal's name, and provided also acts of ownership have been done under the instrument. 1 Ency. Ev. 878. From the nature of the case, where the instrument is lost, the evidence of execution must often be partially or wholly circumstantial. Thus when otherwise competent, the act, declarations and admissions of the parties, the fact that such deed has been recorded, the long-continued and undisputed possession of the premises by the grantee claiming under the deed, and recitals in other deeds may, under proper circumstances, be competent evidence of execution. 4 Ency. Ev. 207; Wigmore on Ev., sec. 2144; Reuter v. Stackart, 54 N. E. 1014; O'Donnell v. Johns, 13 S. W. 376. The recitals in this deed of the power of attorney, the power of attorney being in the same chain of title, is competent secondary evidence of the existence of the power of attorney. 4 Ency. Ev. 213; Baeder v. Jennings, 40 Fed. 199; Carver v. Jackson, 4 Pet. 1; Grayson v. Laughlin, 52 S. W. 121; Dunn v. Eaton, 23 S. W. 163; Dosorris v. Campbell, 58 N. E. 1087; Deery v. Cray, 72 U. S. 795. This is clearly the deed of Walter Phelan, as attorney in fact, and of Walter Phelan, personally. Endsley v. Strock, 50 Mo. 508. The recitals in an ancient deed are discussed in Laclede v. Goodno, 181 S. W. 413. Where an instrument is ancient, and purports to have been signed by an agent, it may be admitted without producing the power of attorney. Wilson v. Snow, 228 U. S. 217; Anderson v. Cole, 234 Mo. 6; Wright v. Hull, 94 N. E. 813; 1 Ency. Ev. 860; 4 Ency. Ev. 187. An ancient

301 Mo.—38.

deed may be read in evidence without proof of the possession of the land conveyed by the deed. Long v. McDowell, 87 Mo. 197.

RAILEY, C.—On February 2, 1915, plaintiffs Anna V. Miller and Susie Jeffers filed, in the Circuit Court of Stoddard County, Missouri, a petition against appellants H. C. Corpman and Maggie Corpman, to ascertain and determine the respective titles, interests, etc., of said parties in and to the southwest quarter of the southeast quarter of Section 28, in Township 28 of Range 10 east, located in Stoddard County. On the application of appellants, the venue was changed, and the case tried before the court without a jury, in Mississippi County.

Defendants answered, and admitted therein that they claimed to be the owners in fee simple of the real estate aforesaid. They deny every other allegation in plaintiffs' petition. They further aver that in 1887, H. C. Corpman purchased all the outstanding title, if any they had, of S. P. Jeffers and Annie C. Jeffers, father and mother of plaintiffs, Annie V. Miller and Susie Jeffers, both of whom are dead; that said S. P. Jeffers and wife executed and delivered to Walter Phelan a power of attorney vesting in him authority to convey the land aforesaid, and that, pursuant to said power vested in him, said Walter Phelan sold and conveyed said land to defendant H. C. Corpman. They further aver that they have acquired title to said real estate by adverse possession under the ten- and thirty-year Statute of Limitations.

The reply is a general denial of the new matter contained in said answer.

On October 22, 1917, the court found that plaintiffs are each entitled to an undivided one-fourth interest in said land, and that the defendants are jointly entitled to an undivided one-half interest therein. Judgment was entered in accordance with the above findings. Motions for a new trial and in arrest of judgment were filed by defendants, overruled, and the cause duly appealed by them to this court.

It was agreed between the parties in interest that the title to the land in controversy passed out of the United States Government, and into the State of Missouri, on March 16, 1869, and that C. Alonzo Kitchen was the common source of title, and acquired the above land, in his name, as above described; on September 21, 1869. It was admitted by plaintiffs that Mrs. Anna C. Jeffers was the only child of C. Alonzo Kitchen, at the time of the pendency of the tax suit, which resulted in the tax deed, offered in evidence by defendants, to Charles E. Stokes.

Clara B. Burrus testified, in substance, that she was the grandmother of plaintiffs; that the mother of plaintiffs was Anna C. Jeffers; that said Anna C. Jeffers was the daughter of witness by Cornelius Alonzo Kitchen; that Mrs. Anna C. Jeffers was the only child of that marriage; that she (witness) executed the quit-claim deed to Anna V. Miller and Susie Jeffers, who are sisters; that both plaintiffs are daughters of said Anna C. Jeffers; that Price Jeffers was the husband of said Anna C. Jeffers; that the latter died in 1901, and Price Jeffers died in April, 1914; that the husband of witness owned lands in Stoddard, Butler and Dunklin counties, in Missouri; that she could not say her husband was ever in possession of the land in question; that her husband, Alonzo Kitchen, died in the Spring of 1870; that she had no recollection of his claiming the above land, and had no knowledge of his paying taxes thereon.

Plaintiffs then offered in evidence a quit-claim deed from Clara B. Burrus, to Anna V. Miller and Susie Jeffers, dated April 8, 1915. Appellants have not set out any part of said deed in the abstract, but objected to the introduction of same on the alleged ground that the grantor had no title. As the objection to the admission of said deed was overruled, we presume it covered the land in question.

Defendants offered in evidence a sheriff's tax deed to C. E. Stokes, dated December 6, 1879, conveying the land in question, and which will be referred to later.

Appellants also offered in evidence a warranty deed, from Charles E. Stokes and wife, to Henry Bohlcke, dated January 27, 1882, conveying the land in controversy, which will also be considered later. Defendants offered in evidence a warranty deed from H. Bohlcke and wife to H. C. Corpman, dated October 24, 1887, conveying the land in question. Defendants next offered in evidence a quit-claim deed from Anna C. Jeffers, and S. P. Jeffers, to Walter Phelan, dated July 31, 1894, which was duly acknowledged and recorded, covering the undivided one-half interest of the land in question. Defendants offered in evidence a warranty deed purporting to have been executed on November 27, 1894, by said Anna C. Jeffers and S. P. Jeffers, her husband, by Walter Phelan, their alleged attorney in fact, and by said Walter Phelan in his own behalf, conveying the land in question to defendant, H. C. Corpman.

In order to avoid repetition, the foregoing and other testimony offered by defendants will be considered in the opinion.

The case was submitted to this court upon the abstract of record, and briefs of appellants, no brief having been filed here in behalf of respondents.

I. This case having been tried by the court without a jury, its finding of facts, if sustained by substantial evidence, is conclusive in this court. [Lee v. Conran, 213 Mo. l. c. 412; Minor v. Burton, 228 Mo. 558; Slicer v. Owens, 241 Mo. l. c. 323; Abeles v. Pillman, 261 Mo. l. c. 376; Buford v. Moore, 177 S. W. l. c. 872; Truitt v. Bender, 193 S. W. l. c. 839; Coulson v. La Plant, 196 S. W. 1144; Roloson v. Riggs, 274 Mo. l. c. 528; Case v. Sipes, 280 Mo. l. c. 115, 217 S. W. 306, and cases cited; Christine v. Luyties, 280 Mo. l. c. 426, 217 S. W. 55; Cowan v. Young, 282 Mo. l. c. 45, 220 S. W. l. c. 872; Bingham v. Edmonds, 210 S. W. 885; Nevins v. Gilliland, 290 Mo. l. c. 299-300, 234 S. W. l. c. 819; Kline Cloak & Coat Co. v. Morris, 240 S. W. l. c. 100; Barr v. Stone, 242 S. W. l. c. 663; Zeitinger v. Hargadine-McKittrick Dry Goods Co., 250 S. W. l. c. 917.]

*Appellate Practice.*

The trial court heard a large portion of the testimony offered by appellants, over respondents' objection, subject to the latter, and therefore made no definite ruling in respect to said matters. The rule of procedure adopted by the trial court, in respect to foregoing matters, has been condemned by the appellate courts of this State. [Seafield v. Bohne, 169 Mo. l. c. 546; Asbury v. Hicklin, 181 Mo. l. c. 658; Morrison v. Turnbaugh, 192 Mo. 427; State v. Swearengin, 269 Mo. 185; Stone v. Fry, 191 Mo. App. l. c. 613; Hannon-Hickey Bros. Const. Co. v. Ry. Co., 247 S. W. l. c. 440.] The plaintiffs, however, are not complaining of the above ruling, and the defendants are in no position to do so.

*Failure to Rule.*

It was agreed at the trial that the title to the land in question passed out of the United States Government, and into the State of Missouri, on March 16, 1869, and that C. Alonzo Kitchen was the common source of title, and that it was conveyed to him under the above name on September 21, 1869. It was admitted that Mrs. Anna C. Jeffers was the only child of C. Alonzo Kitchen, at the time of the pendency of the tax suit, which resulted in the tax deed, offered in evidence by defendants, to Charles E. Stokes. It was shown by Mrs. Burrus, the mother of Anna C. Jeffers, that the latter was the only child of Cornelius Alonzo Kitchen, and that the latter died in the Spring of 1870. The trial court was, therefore, justified in finding, from the undisputed facts, that on the death of C. Alonzo Kitchen, in 1870, Anna C. Jeffers, his daughter, became the legal owner of the real estate in question, subject to the dower interest of her mother, Clara B. Burrus, therein. These plaintiffs were the only children of Anna C. Jeffers and Price Jeffers, her husband. The latter died in April, 1914, and the former died in 1901. Clara B. Burrus executed a quit-claim deed to plaintiffs on April 8, 1915, and thereby conveyed to them her dower interest in said land, if it had not become barred by limitation. It was shown by defendants that Anna C. Jeffers and

*Title by Inheritance.*

her husband, on July 31, 1894, executed a quit-claim deed to Walter Phelan, for the undivided one-half of the land in controversy, and, hence the court found that defendants were the owners of said interest.

It is, therefore, manifest from the foregoing that plaintiffs are the legal owners of the undivided one-half of the land in question, unless the defendants and their predecessors in title, by deed or otherwise, acquired from said Anna C. Jeffers the undivided half interest which she did not convey to Phelan in the quit-claim deed aforesaid.

II. It is claimed that whatever title Anna C. Jeffers acquired to the land in controversy by inheritance through her father, C. Alonzo Kitchen, who died in 1870, was lost to her by reason of the sheriff's tax deed read in evidence by defendants. Said deed recites that

Last Above Described Tract.

at the March term, 1880, of the Stoddard Circuit Court, the sheriff exposed to sale at public auction, for ready money, "the above described real estate, and Charles E. Stokes being the highest bidder . . . for the following described real estate, viz:

"The Southwest one-half of Southeast quarter of Section 28, in township 28, range 10, and the Southeast quarter of Section 36, in township 24, range 12, for the sum of two and 35/100 dollars, also part of Northeast fractional quarter part of Southwest fractional quarter and Northwest quarter; all of Section 28, in township 27, range 8, for the sum of Five and 06/100 dollars. The said last above described tract was stricken off and sold to the said Charles E. Stokes for the sum bid therefor by him as above set forth.

"Now, therefore, in consideration of the premises, and of the sum of seven and 35/100 dollars, to me, the said sheriff, in hand paid by the said Charles E. Stokes, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, J. G. Lewis, sheriff as aforesaid, do hereby *assign, transfer and con-*

*vey* unto the said Charles E. Stokes all the above described real estate so stricken off and sold to him that I might sell as sheriff as aforesaid, by virtue of the aforesaid judgment, execution and notice.''

At the conclusion of the deed, the abstract contains the following: ''Here describe each tract sold and price of same.''

The trial court properly found from the evidence that the tax deed aforesaid, *as shown by the italicised portion supra, does not purport to convey to Charles E. Stokes the land in question.* The ruling of the court in respect to this matter is shown by Instruction I, given in behalf of plaintiffs, which reads as follows:

''The sheriff's deed shown in evidence was insufficient to divest title out of Anna C. Kitchen, the mother of these plaintiffs, *for the reason that it does not mention or describe the lands in suit as having been conveyed thereby.''*

The ruling of the court in respect to foregoing matter is sustained by the following authorities: Sec. 12948, R. S. 1919; Nelson v. Brodhack, 44 Mo. l. c. 602-3; 8 R. C. L. sec. 127, p. 1072 and cases cited; Sligo Furnace Co. v. Hogue, 229 S. W. (Mo.), 190.

The last cited case is directly in point and clearly sustains the trial court in respect to above ruling.

III.    It is claimed by appellants, as an abstract proposition of law, that a tax deed, although void, creates color of title and we are cited in support of this suggestion to Dunnington v. Hudson, 217 Mo. 93. On page 100 of the case just cited, the court quoted with approval what was said in Hickman v. Link, 97 Mo. l. c. 488, as follows:

Color of Title.

''Generally, it may be said that any writing which purports to convey the title to land by appropriate words of transfer, *and describes the land,* is color of title, though the writing is invalid, actually void, and conveys no title.'' (Italics ours.)

In the case at bar, however, as heretofore shown, *the sheriff's deed does not purport to convey the land in question* and, hence, the above authority is without application.

IV.   It is asserted that if Mrs. Burrus ever had any dower in the land, her right was barred before she deeded same to plaintiffs under her quit-claim deed. As C. Alonzo Kitchen was conceded to be the common source of title and died in 1870, the owner of the land in controversy, his wife, Mrs. Burrus, must have had a dower interest therein. The statute barring dower in ten years was passed in 1887. Mrs. Burrus therefore had a dower interest in said land in 1897. As the plaintiffs are claiming title to the land by inheritance from their mother, Anna C. Jeffers, it is immaterial whether the dower interest of Mrs. Burrus was barred when she quit-claimed the same to plaintiffs on April 8, 1915. If she had an interest it passed by the deed. On the other hand, if her dower interest was barred, it is out of the case.

*Dower.*

V.   It is contended that defendants acquired title to the land in question under the ten-year Statute of Limitations. The trial court, after hearing the evidence, found this issue in favor of respondents, as shown by instruction numbered six, given on behalf of plaintiffs, which reads as follows:

*Limitations.*

"At the close of the testimony the court declares the law to be that under all of the evidence adduced in this cause the defendants are not entitled to recover on or under the ten-year Statute of Limitations."

The ten-year statute was relied on as an affirmative defense. It was the peculiar province of the trial court to pass upon same, as indicated in paragraph one of this opinion. The finding of the court on the facts presented in this record, is well sustained in Buford v. Moore, 177 S. W. l. c. 869, and following, and cases cited.

VI.   The court is charged with error in refusing to hold that defendants had acquired title under their

affirmative defense of the thirty-year Statute of Limitations. As stated in the preceding proposition it was the province of the trial court to pass upon the evidence relating to this affirmative defense. The court was not bound to believe the testimony offered by defendants, and its findings on this subject is conclusive under the authorities cited under paragraph one, supra. The court disposed of this defense in instruction numbered seven, given in behalf of plaintiffs, which reads as follows:

*Thirty-Year Statute.*

"At the close of the testimony the court declares the law to be that under all of the evidence adduced in this cause the defendants are not entitled to recover on or under the thirty-year Statute of Limitations."

We are of the opinion that the finding of facts based on the evidence before us is correct, and is within our ruling as declared in Hunter v. Moore, 202 S. W. 544, and Buford v. Moore, 177 S. W. l. c. 869, and following.

. VII. Appellants claim to own the undivided half interest in the land aforesaid, awarded by the trial court to plaintiffs, under and by virtue of a warranty deed dated November 27, 1894, purporting to have been executed by Walker Phelan, as alleged attorney in fact of Anna C. Jeffers, and S. P. Jeffers, her husband. No power of attorney was shown to have been legally executed by Anna C. Jeffers, nor was any such instrument offered in evidence. The defendant Corpman was an incompetent witness as to any alleged conversations with Mrs. Anna C. Jeffers, who was dead at the time of trial. [Sec. 6354, R. S. 1919; Edmonds v. Scharff, 279 Mo. l. c. 84-5; Lieber v. Lieber, 239 Mo. 1; Leavea v. Railroad, 266 Mo. 151.] Section 2205, Revised Statutes 1919, provides for the recording of powers of attorney and, hence, the court was justified in finding from the evidence in the case, that no such document was shown by legal evidence to have been executed by Mrs. Anna C. Jeffers to Walter Phelan. [Section 2174, R. S. 1919.]

*Power of Attorney.*

(a)  It is contended by appellants that the deed made by Walter Phelan, as alleged attorney in fact of Anna C. Jeffers and husband, to defendant Corpman, was admissible as an ancient document, from which it might be presumed that the recitals therein as to the powers conferred upon said Walter Phelan as attorney

Ancient
Document.

in fact are true, etc.  This contention is without merit.  [Laclede Land & Imp. Co. v. Goodno, 181 S. W. 1. c. 412-13-14.]  It appears from the evidence, that on July 31, 1894, Anna C. Jeffers and her husband conveyed by quit-claim deed to said Walter Phelan, the undivided one-half of the land in question. In the deed which Walter Phelan executed to defendant Corpman on November 27, 1894, he conveyed his own undivided one-half of said land and attempted to pass the title of Anna C. Jeffers to defendant Corpman, for the other half.  We hold, that the trial court was right, in decreeing to defendants the title to the half interest in said land which Walter Phelan individually conveyed by the above deed.  We furthermore hold that the trial court ruled properly in holding that the deed made by said Walter Phelan to defendant Corpman only conveyed the half interest in said land which he had purchased from Anna C. Jeffers on July 31, 1894.

VIII.  It was properly held by the trial court that when Walter Phelan received from Anna C. Jeffers and husband a quit-claim deed on July 31, 1894, for the undivided one-half interest in the land aforesaid,

Tenants
in Common.

he thereby became a tenant in common with said Anna C. Jeffers to the forty acres in controversy.  When Walter Phelan conveyed his undivided one-half interest in said land to defendant Corpman on November 27, 1894, it made said Corpman a tenant in common with said Anna C. Jeffers, as to the forty acres in question.  The court accordingly, in behalf of plaintiffs, gave instruction numbered four, which reads as follows:

"The court declares the law to be that under the Walter Phelan deed shown in evidence defendants ac-

quired an undivided one-half interest in the land in suit, and if they thereafter took possession of said land or paid taxes thereon they did so as co-tenants of plaintiffs and for their use and benefit as co-tenants with defendants, unless the court further finds that such possession was so taken and held under such circumstances as amounted in law to an ouster of plaintiffs from their rights in said land.''

We are of the opinion that the court not only properly declared the law in respect to the above instruction (except that the parties should have been designated as tenants in common), but properly found from the evidence that defendants never acquired, by adverse possession or limitation, title to any part of the land in controversy.

IX. After carefully reading the record, and appellants brief, we have reached the conclusion that the trial court committed no error of which appellants can legally complain. We hold that the judgment below, as to both the law and facts, is supported by substantial evidence, and is accordingly affirmed. *Higbee, C.*, concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.