[No. 18493. Department Two. December 11, 1924.]

E. L. LINDLEY et al., Respondents, v. ALMA DE LA POLE, Appellant, TROY LINDLEY, as executor, et al., Defendants.[1]

PARTITION (5) — PROPERTY AND ESTATES SUBJECT — COTENANCY— RIGHTS OF LESSEE FROM COTENANT. An action for partition is maintainable by an adopted daughter, adjudged to be owner of an undivided one-half interest in community real estate of her adoptive father, from which she was excluded by her mother, claiming the whole title.

SAME (16-1)—MODE OF PARTITION—DIVISION OF PROPERTY—EVIDENCE. In partition proceedings under Rem. Comp. Stat., § 838, the court may physically divide the property where it can be allotted without prejudice to the rights of the parties.

LANDLORD AND TENANT (24)—LEASE—COVENANTS—ASSIGNMENT OR SUBLETTING—WHAT CONSTITUTES BREACH. There was no assignment of a lease of farm lands and no subletting (prohibited by the lease without written consent), where, pursuant to an understanding at

[1]Reported in 230 Pac. 851.

the time the lease was made, it was merely agreed that a third person should assist in working the lands for a specified consideration and interest in the tenant's share of the crop.

Appeal from a judgment of the superior court for Columbia county, Mills, J., entered February 8, 1923, in favor of the plaintiffs, in an action for partition and for an accounting, tried to the court. Affirmed.

*S. A. Keenan* and *R. M. Sturdevant,* for appellant.
*Will H. Fouts* and *Roy R. Cahill,* for respondents.

MITCHELL, J.—Alma de la Pole, formerly Duncan, was legally adopted by John W. Duncan and his wife, Clara A. E. Duncan, who had no child born of their marriage. During their married life the Duncans acquired farm lands, including the tract of about four hundred acres involved in this action, situate in Columbia county. He died intestate in 1898, leaving no child other than the adopted one. Mrs. Duncan served as administratrix of his estate, and because of certain probate proceedings therein and transfers of the property, she claimed all of the property as her own. While thus claiming the property, she executed in proper form and delivered a lease of the property to E. L. Lindley for a term of years and put him in possession of the lands, other than the dwelling thereon, which had been reserved and for a number of years had been, and continued to be, occupied by Mrs. Duncan and her daughter as a residence until the death of Mrs. Duncan in the year 1919, and thereafter by her daughter Mrs. de la Pole. Mrs. Duncan died in 1919, leaving a will by which she devised to Mrs. de la Pole, among other things, a life estate in and to all of the property involved in this suit. The will was duly proven and admitted to probate. Thereafter Mrs. de la Pole brought and prosecuted an action with the final result that this court, in the case of *de la Pole v. Lindley,* 118

Wash. 387, 204 Pac. 12, decided that she, as an heir at law of her deceased adoptive father, was entitled to an undivided one-half interest in the property; and it appears that a decree to that effect was entered by the trial court according to the directions of this court

Thereafter, in 1922, the lease from Mrs. Duncan to the respondent not having expired by several years, the respondent and his wife instituted this action, and by a complaint and an amended complaint against Mrs. de la Pole and others, sought a decree of partition of the property, alleging, among other things, that she unlawfully and unjustly asserted an interest in the real estate and growing crops adverse to the plaintiffs and was molesting and interfering with plaintiff's possession of the premises. These allegations were sustained by the proof at the trial. And by a supplemental complaint demanded an accounting of Mrs. de la Pole for the value of the crops that year, which it was alleged she had harvested and sold. Upon appropriate issues duly made up, the case was tried. A decree of partition was entered, together with a money judgment in favor of the plaintiffs and against Mrs. de la Pole in the sum of $1,769.19, less a credit in her favor in the sum of $381.92. Mrs. de la Pole has appealed.

At the date of the execution of the lease by Mrs. Duncan to the respondent Lindley, although she held the legal title of record to all the property, she was the beneficial owner of only an undivided one-half interest in it, as was determined by the subsequent suit of *de la Pole v. Lindley, supra,* and the present respondents Lindley were bound by the final judgment in that action because they were parties to it. So far as their rights are concerned, that is as far as the judgment went in that case, and contrary to appellant's contention now, it did not adjudicate that the lessee had no rights under the lease from Mrs. Duncan,

but only that it was not effective against the undivided one-half of the property found and adjudged to be the property of Mrs. de la Pole as an heir of her deceased adoptive father. Upon the conclusion of the former suit, Mrs. de la Pole was the owner of an undivided one-half interest in the property as an heir at law of her father, and also of a life estate in the other undivided one-half under her mother's will, which latter undivided one-half was subject to the rights of the respondents under the lease for a term of years given by Mrs. Duncan. Under such circumstances as were alleged and found to exist, the action for partition was maintainable. Rem. Comp. Stat., §§ 838, 844 [P. C. §§ 8285, 9291]; Hill v. Young, 7 Wash. 33, 34, Pac. 144; 20 R. C. L., p. 744, § 28.

It is assigned that the court erred in physically dividing the property between the parties and awarding to the respondents a portion of it during the remainder of the term of years provided in the lease. The procedure followed was that provided in § 838 et seq., Rem. Comp. Stat., and the record shows that, upon hearing the report of the referees and written objections filed thereto by Mrs. de la Pole, there was abundant and convincing evidence to show that the property could be divided and allotted to the respective parties, as it was, quality and quantity relatively considered according to the respective rights of the parties as determined by the court, without prejudice to the rights of the parties.

It is further contended by the appellant that the respondents have forfeited their rights under the lease because of a violation of its terms that the lessee should "not assign this lease, or sublet any portion without first obtaining the written consent of the first party." The evidence on which reliance is had was to the effect that, at the time the lease contract was made, the lessee

agreed with a third party, in the presence of Mrs. de la Pole, her husband and Mrs. Duncan, that 'if the third party would buy and pay for certain equipment on the place, which he did, that respondent would allow such third party a certain interest in the crops; that they worked the lands together; and that the third party had gotten a part of the lessee's share of the crop one year. Under no circumstances can that be considered as an assignment of the lease. The lessee did not surrender, nor intend to surrender, possession of the property or any portion of it to such third party; nor did he transfer his entire interest under the lease. 35 C. J. (Landlord and Tenant), p. 988, § 80. Nor was it a subletting of the premises or any portion of them, for the reason that the arrangement with the third person was not that such third person should have the premises or a part of them for a period less than the lessee's term, 35 C. J. (Landlord and Tenant), p. 990, § 82, or at all. The arrangement was more in the nature of permitting the third person to join in the occupation to assist in working the lands for a specified consideration and was not a breach of the covenant against subletting. 35 C. J. (Landlord and Tenant), p. 980, § 63.

The conclusion reached by the trial judge upon the accounting between the parties for the crops of 1922 was clearly sustained by the proof.

Affirmed.

MAIN, C. J., PEMBERTON, FULLERTON, and BRIDGES, JJ., concur.