STANISLAW GALKOWSKI *vs.* THOMAS J. McMANUS & another.

Worcester. September 28, 29, 1926. — November 24, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Equity* — *Pleading and Practice*, Appeal. *Contract*, Validity, Rescission. *Fraud*.

Where, in a suit in equity, there are entered an interlocutory decree, overruling the plaintiff's exceptions to a master's report and confirming the report, and a final decree dismissing the bill, and the plaintiff appeals only from the final decree, the exceptions to the master's report cannot be considered unless the final decree is erroneously affected by the interlocutory decree.

If, in a suit in equity to rescind a sale of real estate to the plaintiff by reason of false representations by the defendant relating to rentals, a master, without a report of the evidence, finds that the only representations made to the plaintiff were by the defendant's bookkeeper who, when inquired of between July 1 and July 15, stated the rent then being received from tenants of the property and that notice had been given as to raising the rents beginning July 15; that the defendant did not talk with the plaintiff until the passing of papers on August 15; and that, when the plaintiff signed the agreement for sale and accepted deeds to the property, he knew the facts were as stated by the bookkeeper, a final decree dismissing the bill is warranted.

BILL IN EQUITY, filed in the Superior Court on July 10, 1925, and afterwards amended, to rescind a sale and conveyance of real estate from the defendants to the plaintiff.

In the Superior Court, the suit was referred to a master. Proceedings on the master's report and material findings by the master are described in the opinion. By order of *Broadhurst*, J., a final decree was entered dismissing the bill. The plaintiff appealed.

*F. P. McKeon,* for the plaintiff.

*J. J. MacCarthy,* (*J. F. McGrath & F. T. Mullin* with him,) for the defendants.

CROSBY, J. This is a suit in equity in which the plaintiff seeks to rescind a certain deed of real estate given him by the defendants, to recover the purchase price paid, and for general relief.

The parties on August 8, 1924, entered into a written agreement by the terms of which the defendants were to sell to the plaintiff two parcels of real estate upon each of which was a three-tenement house occupied by tenants. The premises were to be conveyed on or before August 15, 1925, subject to a first mortgage on each parcel, the plaintiff agreeing to pay certain amounts in cash and the balance of the purchase price to be secured by a mortgage on the property conveyed. The plaintiff seeks to rescind the deed on the ground that he was induced to purchase the property by reason of false representations made to him by the defendants respecting the sums for which the tenements were rented. The case was referred to a master. The plaintiff filed eighteen exceptions to the master's report, and a motion to recommit the report. The trial judge sustained the first and the eighteenth exceptions and ordered the report recommitted. Thereafter the master filed a supplemental report, and an interlocutory decree was entered overruling the exceptions (except so far as previously sustained) to the report and supplemental report, and confirming the reports. A final decree has been entered dismissing the bill with costs, from which decree the plaintiff appealed.

As no appeal was taken from the interlocutory decree overruling the exceptions and confirming the reports, they

cannot be considered unless the final decree is erroneously affected by the interlocutory decree. *Burnett* v. *Commonwealth*, 169 Mass. 417. *Fay* v. *Corbett*, 233 Mass. 403, 409, 410. We find nothing in the objections upon which the exceptions are founded from which it appears that the final decree is erroneously affected by the interlocutory decree. It follows that these exceptions cannot be considered. G. L. c. 214, § 27.

The master found that all the representations made to the plaintiff respecting the property were so made by one Rosenberg, a real estate agent, who represented the defendants in the transaction, and by the defendants' bookkeeper, one Rose Gilbride; that between July 1 and July 15, 1924, the plaintiff and Rosenberg went to the shop of the defendants and there saw the bookkeeper; that Rosenberg inquired of her about the rents; that she told him in the presence of the plaintiff that each tenement was rented for $25 a month, but that she had increased the rents in one house to $28 a month and in the other house to $32 a month, to be effective from and after July 15, 1924.

The master further found that neither of the defendants ever saw or talked with the plaintiff before August 15, 1924, when they met him for the first time at the Worcester registry of deeds; "that the plaintiff before July 15, 1924, knew that all the tenants were paying $25 a month and that they all received notices from the defendant of increased rents to be effective July 15, 1924 . . . and that he signed the agreement on August 8, 1924, with that knowledge and took deeds from the defendants on August 15, 1924, with that knowledge."

As the evidence before the master, so far as reported, justified his findings, they must stand. The granting of the plaintiff's motion to amend the bill and his motions to recommit, which were made after the supplemental report had been filed, was a matter resting in the discretion of the court. The final decree dismissing the bill with costs was warranted upon the facts found by the master.

*Decree affirmed with costs.*