ANTONIO BOVA & another *vs.* ANTONIO CLEMENTE &
another.

Suffolk.    February 3, 1932. — March 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice,* Master: findings; Appeal.    *Tenants in
Common.    Agency,* Existence of relation.    *Partnership.*

An objection to the report of a master in a suit in equity, on the ground
that a conclusion of the master was one of law, was disposed of by
interlocutory decree confirming the master's report "as to matters
of fact."
A master in a suit in equity is not required to report all the subsidiary
facts found by him in arriving at his ultimate conclusion.
Where, in a suit in equity against two defendants, who were tenants in
common of land, for specific performance of an alleged agreement in
writing by the defendants to renew a lease to the plaintiff of the
premises, it was found that the agreement was signed by one of the
defendants only and that the other defendant did not authorize the
first defendant to sign for him, and there was nothing to support a
contention by the plaintiff that the defendants were partners so
that the first defendant could bind the second under G. L. c. 108A,
§§ 9 (1) and 10 (2), the bill properly was dismissed.
The relation of principal and agent does not arise by implication out of
a tenancy in common.

BILL IN EQUITY, filed in the Superior Court on March
13, 1930, and described in the opinion.

The suit was referred to a master.    Material findings
appear in the opinion.    By order of *Hanify,* J., there were
entered an interlocutory decree confirming the master's
report "as to matters of fact," and a final decree dismissing
the bill.    The plaintiffs appealed from the final decree.

*F. M. Zottoli,* for the plaintiffs.

*F. P. Fralli,* for the defendants.

CROSBY, J.    This is a suit in equity in which the plain-
tiffs seek to restrain the defendants from selling or other-
wise disposing of certain real estate described in the bill,
and to require the defendants specifically to perform a
certain agreement hereinafter set forth.

Shortly stated, the bill alleges that the defendants are the owners of certain premises numbered 76 Prince Street, in Boston; that they leased a store therein with the cellar thereunder to the plaintiffs by a written lease for the term of three years from December 1, 1928; that on or about December 12, 1929, the defendants undertook to make certain alterations in the building by placing in the store a "lally post" to support the second floor of the building; that the plaintiffs objected to the alterations; that the plaintiffs thereafter withdrew their objections in consideration of the execution and delivery to them of the following written agreement: "I obligate myself to renew three years of lease of the same conditions as soon as my work is complete. No. 76 Prince Street (Signed) A. Clemente (Witnesses) (Signed) P. Catalano Joseph F. Pagliaiulo." The defendant Paolina Clemente in her answer alleges that she is the owner of the premises, and is a tenant in common with the defendant Antonio Clemente, and that the above obligation "was not signed by her nor by anybody at her request or authority." The case was referred to a master who filed a report. An interlocutory decree was entered in the Superior Court overruling the plaintiffs' objections and exceptions to the report, "so far as they concern questions of fact," and confirming the report "as to matters of fact." A final decree was entered dismissing the bill. The evidence is not reported.

As no appeal was taken from the interlocutory decree overruling the objections and confirming the report, the objections cannot be considered unless the final decree is erroneously affected thereby; that does not appear. G. L. c. 214, § 27. *Fay* v. *Corbett*, 233 Mass. 403, 409, 410. *Galkowski* v. *McManus*, 257 Mass. 509, 510, 511. So far as the objections relate to alleged conclusions of law dealt with by the master, they are disposed of by the fact that the interlocutory decree confirmed the master's report only as to matters of fact. The other objections are, in substance, that material facts have not been recited in the report, which omission materially and unfavorably affected the rights of the plaintiffs. The master was not

required to report all the subsidiary facts found by him in arriving at his ultimate conclusion. *Magullion* v. *Magee*, 241 Mass. 355, 358. The report seems to have covered adequately the issues raised by the pleadings. The sole question is whether the final decree dismissing the bill was properly entered on the facts found.

Although the defendants were owners as tenants in common of the real estate occupied by the plaintiffs under a written lease, the master specifically found that the "written statement . . . was not signed by the defendant Paolina Clemente nor did she authorize the defendant Antonio Clemente to sign for her"; "that at no time was the defendant Paolina Clemente present at any of the meetings of the party litigants." These findings must stand. The evidence is not reported and the findings are not inconsistent with other findings or plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Cronan* v. *Commissioner of Banks*, 254 Mass. 444, 446. *Abbot* v. *Waltham Watch Co.* 260 Mass. 81, 91. *Davenport* v. *King*, 273 Mass. 31, 34. Some of the facts found might show that the defendant Antonio Clemente was authorized to act as agent for his cotenant for certain purposes, but there is nothing to warrant a finding that he was authorized to act for her in making the agreement upon which the plaintiffs rely. She is not named as a party to it, and there is nothing to show that he purported to act for her.

The relation of principal and agent does not arise by implication out of a tenancy in common. *Lonnqvist* v. *Lammi*, 242 Mass. 574, 577.

The relation between the defendants was not that of partners. The plaintiffs contend that the defendants were partners and that Antonio Clemente as such was authorized to sign the agreement in question and bind his coowner under c. 108A, §§ 9 (1) and 10 (2), added to the General Laws by St. 1922, c. 486. This contention cannot be sustained. These statutes have no application to the facts found. Moreover there was no allegation of such a relationship in the bill, nor did the master make any finding that the defendants were partners. A finding to

that effect upon the reported facts would have been unwarranted. *Magee* v. *Magee*, 233 Mass. 341. A lease by tenants in common is not void as to those who executed it, "but it is voidable by the tenants in common, who have not joined in it." *Tainter* v. *Cole*, 120 Mass. 162, 164. The case of *Rising* v. *Stannard*, 17 Mass. 282, cited by the plaintiffs, ·is not applicable to the facts in the present case. It merely held that one tenant in common may make a valid lease for a year of a specific portion of the common property; but if by parol, it gives an estate at will only. As the agreement set forth in the bill and upon which the plaintiffs rely was not signed by both defendants, the bill cannot be maintained. In view of the conclusion reached upon the grounds stated, it is unnecessary to consider other defences pleaded and dealt with by the master.

The final decree dismissing the bill must be affirmed, with costs.

*Ordered accordingly.*