772

DECIDED JULY 11, 1936.

*J. G. B. Erwin,* for plaintiff in error.

*Maddox, Matthews & Owens, J. M. Lang,* contra.

MACINTYRE, J.  On December 4, 1934, George Ray, Boyce Ray, Vernon Ray, Stewart Ray, and Mrs. Annie Mae Bolding made affidavit for the purpose of having issued a dispossessory warrant against the defendant, Motor Aid Inc., which they alleged was in possession of certain property owned by them as tenants in common and was holding over and beyond the term for which the same was rented.  The defendant filed a counter-affidavit setting up that on October 17, 1929, J. W. Ray, as agent for the above-named plaintiffs, entered into a lease contract with James H. Reeve, whereby they leased to him the property in question, for a term of five years; that this lease was to expire November 30, 1934; that on March 1, 1930, this lease agreement was transferred and assigned by J. H. Reeve to Motor Aid Inc.; that on December 17, 1928, the above co-owners of the property gave to the Calhoun National Bank a security deed to the above property, to secure a note for $2500; that on May 3, 1930, one of the cotenants, Mrs. R. B. (Annie Mae) Bolding paid this note, and the bank transferred to her the note and the security deed; that until May 3, 1930, Motor Aid Inc. paid the amount of the rent, $50, each month to the Calhoun National Bank, and after that date up through November, 1934, the rent was paid to Mrs. Bolding; that in February, 1934, Mrs. Bolding, as agent for the above-named cotenants executed to the defendant a contract under seal of lease of the same property for another term of five years commencing January 1, 1935, and made a further oral lease-con-

tract with the defendant, that, in consideration of certain repairs to be made by it, it was to have the property during the month of December, 1934. The evidence developed substantially the facts stated above. Mrs. Bolding testified that none of her co-tenants had given her authority to act for them in leasing the property (and this fact seems to be without contradiction); that she had collected the rents from the defendant under an agree-ment with her cotenants that she collect them until the note trans-ferred to her was paid; and that she executed to the defendant the lease set up in its answer. The trial judge directed a verdict for the plaintiffs. That ruling is before this court on writ of error.

There can be no doubt that the lease executed in February, 1934, by Mrs. Bolding to the defendant was not binding on the other non-consenting tenants in common. This is true for two rea-sons, each of which is sufficient within itself. First, a tenant in common has no power to lease the common property, *without the consent of the remaining cotenants,* and such a lease is not bind-ing as to those cotenants not assenting thereto. 7 R. C. L. 876, § 71; *Roberts* v. *Burnett,* 164 *Ga.* 64 (137 S. E. 773); *Charleston & Western Carolina Ry. Co.* v. *Fleming,* 118 *Ga.* 699 (45 S. E. 664); Bova *v.* Clemente, 278 Mass. 585 (180 N. E. 611); Wright *v.* Kaynor, 150 Mich. 7 (113 N. W. 779). We have already pointed out that the evidence disclosed, without contradiction, that none of the other tenants in common had authorized Mrs. Bolding to act for them in leasing the property. Second, it ap-pears that the lease in question was executed under seal, and there was no showing that Mrs. Bolding's authority to execute such instrument as agent for the remaining tenants in common was founded on an instrument executed under seal. See *Feathers-ton* v. *Reese,* 36 *Ga. App.* 379 (136 S. E. 811), and cit. We are unable to agree with the contention of the defendant that because Mrs. Bolding paid and had transferred to herself the security deed jointly executed by her and the other tenants in common to the Calhoun National Bank, and for a period of years collected the rent under the original lease, she as a matter of law had the power and authority to lease the property without the consent of the other tenants in common. Although we have not carefully examined the authorities on this phase of the case, we are doubt-ful whether the defendant has the right in this proceeding to

set up an outstanding title in Mrs. Bolding, after having accepted a lease recognizing the remaining tenants in common as landlords. However, we make no ruling on this question, it being unnecessary under the view we take of the merits of the contention of defendant. "Cotenants stand in such confidential relation to one another in respect to the common property and the common title to it, that it would generally be inequitable to permit one, without the consent of the others, to buy in an outstanding adversary claim or title and assert it for his exclusive benefit, thereby to undermine the common title and injure and prejudice the interest of his cotenants. In such case the purchasing tenant is regarded as holding the claim so purchased in trust for the benefit of all his cotenants, in proportion to their respective interests in the common property, who seasonably contribute their share of his necessary expenditures." 7 R. C. L. 857, § 51. In the present case Mrs. Bolding held the security deed for the benefit of all of her cotenants, in the protection of the common title. Her right to contribution was met by the agreement of all of the cotenants that she alone should receive the rents from the property until her debt was discharged. Under the circumstances, it can not be said that her purchase of the security deed added to or enlarged her claim to the property. In receiving the rents, she is presumed to have collected them for the benefit of all of the common owners.

However, while we are forced to differ with counsel for defendant on this question, yet we are in agreement that the judge erred in directing the verdict for the plaintiffs. While it is true, as we have already stated, that the lease was not binding as to her cotenants, yet on the other hand there is no valid reason why it is not binding on her as to her interest in the property. Zeigler v. Brenneman, 237 Ill. 15 (86 N. E. 597); Roberts v. Burnett, supra. A tenancy in common is characterized by unity of possession by persons holding several and distinct estates. Hood v. Johnston, 210 Ala. 617 (99 So. 75); Firemen's Ins. Co. v. Larey, 125 Ark. 93 (188 S. W. 7, L. R. A. 1917A, 29, Ann. Cas, 1917B, 1225). A tenant in common is considered seized solely and severally of his share, and may dispose of it at his pleasure and without the knowledge or consent of his remaining tenants in common; and it may be said to be settled law that where one per-

son purchases or obtains by conveyance an undivided share of a tenant in common, he becomes a cotenant with the remaining tenants in common. *Slarnes* v. *Quin,* 6 *Ga.* 84; *Coleman* v. *Lane,* 26 *Ga.* 515; *Leonard* v. *Scarborough,* 2 *Ga.* 73; *Sewell* v. *Holland,* 61 *Ga.* 608; Boyle *v.* Gray, 28 Fed. (2d) 7; Hewlett *v.* Owens, 51 Cal. 570; Barnum *v.* Landon, 25 Conn. 137; Roberts *v.* Cox, 259 Ill. 232 (102 N. E. 204, Ann. Cas. 1914C, 115); Stevens *v.* Reynolds, 143 Ind. 467 (41 N. E. 931, 52 Am. St. R. 422); Avey *v.* Hogancamp, 172 Ky. 675 (189 S. W. 917); Cook *v.* Clinton, 64 Mich. 309 (31 N. W. 317, 8 Am. St. R. 816); Miller *v.* Corpman, 301 Mo. 589 (257 S. W. 428); Prentice *v.* Janssen, 79 N. Y. 478; McKinnon *v.* Caulk, 167 N. C. 411 (83 S. E. 559, L. R. A. 1915C, 396); Battle *v.* John, 49 Tex. 202; Nickels *v.* Miller, 126 Va. 59 (101 S. E. 68). The above being established law, it naturally follows that a tenant in common may lease to another his interest in the common property for a term of five years, which itself conveys an estate to the lessee (Code, § 61-101), and that under such lease the lessee succeeds to all of the rights and privileges of the lessor. See Smith *v.* New Huntington Hospital, 84 W. Va. 281 (99 S. E. 461); Geary *v.* Taylor, 166 Ky. 501 (179 S. W. 426); Lindley *v.* De La Pole, 131 Wash. 657 (230 Pac. 851); Barnum *v.* Landon, supra; Harlan *v.* Central Phosphate Co. (Tenn.), 62 S. W. 614; Coleman *v.* Stewart, 170 Ala. 255; Stevens *v.* Wait, 112 Ill. 544; Sims *v.* Dame, 113 Ind. 127 (15 N. E. 217). Mrs. Bolding, as a tenant in common, was seized per my et per tout of the whole estate. She had the right to the possession of all the property held in cotenancy, equal to the right of each of her companions in interest. She had the same right to the use and enjoyment of the common property that she would have to her sole property, except in so far as it would be limited by the equal rights of her cotenants. Certainly therefore, the plaintiffs, and especially Mrs. Bolding, are not entitled to the possession of the premises to the exclusion of the defendant. Both the plaintiffs and the defendant have a legal right to the possession of the estate and of every part and parcel thereof, according to their respective titles, excluding Mrs. Bolding. The present action is strictly a possessory one. The fruit of the judgment is a writ of possession by which the sheriff is required to eject the tenant. It is difficult to see how such a proceeding can

legally be issued against a party who, being a tenant in common with the plaintiffs, is after judgment still entitled to remain in possession, or how it is practicable to serve it by ejecting a person who has a right to occupy the premises as tenant with the plaintiffs. At most the plaintiffs are only entitled to be let into possession with the defendant to enjoy their moieties, which can not be done by way of dispossessory warrant. We are not called on to decide what proceedings would be proper to be brought by the plaintiffs to protect their rights, and therefore confine our decision to the ruling that under the facts of the case a dispossessory warrant will not lie against the defendant. We do not construe the decision in *Roberts* v. *Burnett,* supra, as holding contrary to our conclusion. It was stated in that case that a lessee of a tenant in common is as to the nonleasing tenants a tenant at will; but this is true only in the sense that they have not consented to his occupying the premises for a definite time, and that as between them, in a partition proceeding, the lease can not affect their rights but might be disregarded entirely by the court as if nonexistent, and held to attach only to the interest of the leasing cotenant. It does not appear to be a holding that the possession of the property by such lessee, under such circumstances, would give the remaining nonleasing tenants a right to evict him by a dispossessory warrant.

From what we have said, we think the judge erred in directing the verdict in favor of the plaintiffs, and that the evidence demanded a finding for the defendant. This ruling makes it unnecessary to consider the cross-bill of exceptions.

*Judgment reversed. Cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*