## 51837. GIVENS v. DUNN LABORATORIES, INC.

EVANS, Judge.

James M. Givens and Grover Dunn purchased certain land upon which they erected improvements. Then they rented the premises to Dunn Laboratories, Inc. Dunn owned 65% and Givens 35% of the stock of said

corporation and Dunn was the president and Givens held a lesser office thereof.

Dunn fired Givens from his executive position of employment. Givens then notified the tenant that the rent applicable to his one-half undivided interest in the premises would be increased from $150 per month to $250 per month. The tenant refused to pay the increased rental, whereupon Givens brought a proceeding against it as a tenant holding over.

The defendant admitted possession, contended all rent due had been paid, and that plaintiff could not unilaterally increase the rent without agreement of his co-owner; and filed a counterclaim for damages in bringing this litigation, including attorney fees.

The counterclaim was dismissed, and a trial was held before the court without a jury. A finding of fact was rendered that plaintiff Givens and the president of the corporation each owned a one-half undivided interest in the property; that there was no written lease or contract, but an oral agreement concerning the leasehold. The court denied a writ of possession, holding the rent to plaintiff was that of $150 a month. The findings of fact and conclusions of law by the court were tantamount to a finding that the co-owner could not raise the rent unilaterally. Plaintiff appeals. *Held:*

1. The court did not err in making a finding of fact that there had been an "oral agreement concerning this leasehold." A tenancy at will is a leasehold estate. *Ammons v. Central of Ga. R. Co.,* 215 Ga. 758, 761 (2) (113 SE2d 438); *Hayes v. City of Atlanta,* 1 Ga. App. 25 (2, 5) (57 SE 1087); *Alexander v. Rozetta,* 110 Ga. App. 660, 661 (139 SE2d 451).

2. This appears to be a case of first impression in Georgia. Code § 102-102 (5) provides that a joint authority given to a number of persons may be exercised by a majority of them. But here we have no majority, but two persons who own equal shares of an undivided interest in the rented property.

3. This case would not be as difficult of solution if there were a number of persons involved, because then we could rely on the action of a majority. But the two owners are co-tenants and own equally the property, that is, each

owns one-half thereof. Consider the plight of the tenant. He went into possession in good faith under the agreement of both co-owners, upon an agreed amount of rental to be paid. Now the co-owners have fallen out among themselves and one of them tells the tenant that as to his fifty percent undivided interest in the rented property, he is raising the rent to $250 per month, while the other co-tenant allows his one-half undivided interest to continue under the rental agreement of $150 per month. Whereas the tenant was formerly paying $300 per month for the entire premises, now he is expected to pay $400 per month, and this $400 per month will be divided unequally between the equal owners, one receiving $250 per month and the other receiving $150 per month.

4. The nearest we find in a decision by the courts of last resort in this state dealing with this question is that it has been held that where land is rented from co-tenants, owning undivided interests in the land, one owner cannot evict the tenant. See *Motor Aid v. Ray,* 53 Ga. App. 772 (187 SE 120). Thus, at least as to possession, the *joint action of all co-tenants* is required before a tenant may be evicted. This is not exactly in point with the question in the case sub judice, but by a parity of reasoning, we hold that unless all co-tenants agree to change the terms of the tenancy (the amount of rent to be paid) after they had consented to the tenant's entry and possession and rental, that the terms as to the amount of rental cannot be changed.

Perhaps it is a little far-fetched to use the old cliche about the two men who jointly owned a horse. One of the owners cannot elect to shoot out one of the eyes of the horse, because to do so will destroy the entire property, by killing the beast. Here, the act of one co-owner could effectually destroy the desire of the tenant to rent the property.

5. In such a case as this, it is needful that one person control the property, and that can be easily done by a proceeding for partition, by which the property can be divided, or one person can buy the entire property. See Code Ch. 85-15.

6. The judgment of the lower court in refusing to allow the rent to be increased and in refusing to allow a

writ of possession is affirmed.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur specially.*

ARGUED FEBRUARY 3, 1976 — DECIDED MARCH 8, 1976.

*Floyd E. Siefferman, Jr.,* for appellant.

*Van Gerpen & Bovis, John M. Bovis, H. Douglas Hanks,* for appellee.

PANNELL, Presiding Judge, concurring specially.

It is my opinion that it is unnecessary to determine whether a tenant in common may by himself increase the rent of premises leased to another under a tenancy at will, without the consent of his co-tenant in common. Whether or not this can be done, it is settled law that co-tenants in common are seized per my et per tout of the whole estate, and are each entitled to possession of the whole, and one co-tenant is not entitled to possession as against another co-tenant or one holding under him, and a dispossessory proceeding does not lie under such circumstances. See *Motor Aid v. Ray,* 53 Ga. App. 772, 774 (187 SE 120). While in that case an estate for years was conveyed to the third party, I do not think there should be a material difference where, as in the present case, only a usufruct was conveyed, as the right of possession would be the same in either case, and that is all that is involved here. A dispossessory proceeding was not the remedy here. See *Motor Aid v. Ray,* supra, p. 776.

I would affirm the trial judge with direction that he vacate his previous rulings relating to the right to change the rents, and enter a judgment based upon the fact that a possessory warrant is an improper remedy.

I might add that in my opinion, Code § 102-102 (5) has no application whatsoever to a tenancy in common situation, as intimated in Division 2 of the opinion.

I further disagree with the statement in Division 3 of the opinion, intimating that rents from property held by tenants in common who are equal owners can be divided unequally between them. See Code § 85-1004; *Huff & Chambers v. McDonald,* 22 Ga. 131.

I am authorized to state that Judge Marshall joins me in this special concurrence.