LAURA F. FENN, plaintiff in error, *vs.* THE NEW ORLEANS MUTUAL INSURANCE COMPANY, defendant in error.

1. An interest in property insured which was slight or contingent, legal or equitable, but which was so represented to an insurance company at the time the contract was made, is sufficient to sustain the same, and to authorize a recovery in case of loss.
2. As a general rule, this court will not interfere to control the exercise of the sound discretion of the presiding judge in granting one new trial before another jury, unless that discretion has been manifestly abused.

Insurance. Contracts. New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

For the facts, see the decision.

R. H. CLARK; W. F. WRIGHT, for plaintiff in error.

THRASHER & THRASHER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on a fire insurance policy to recover damages to the property insured for the alleged loss sustained by the plaintiff. On the trial of the case, the jury found a verdict for the

plaintiff for $1,177 44, principal, and $78 49 for interest. The defendant made a motion for a new trial on the ground that the verdict was contrary to the charge of the court, contrary to law and the evidence, and without evidence to support it. The court granted a new trial, and the plaintiff excepted.

1. The property insured was household and kitchen furniture, wearing apparel and other articles specified in the policy, being in a certain described dwelling-house mentioned in the policy of insurance, of the value of $2,500 00. The dwelling-house was burned, and the main question on the trial was, how much of the property covered by the policy was in the house at the time of its destruction by fire. If the plaintiff had some interest in any or all of the property insured, although that interest may have been slight or contingent, legal or equitable, and that interest was fairly represented and made known to the defendant, or its agent, at the time the contract of insurance was made, it is sufficient to sustain the contract, and to entitle the plaintiff to recover in case of loss.

2. By the 3713th section of the Code, it is declared that "in any case where the verdict of a jury is found contrary to evidence and the principles of justice and equity, the presiding judge may grant a new trial before *another* jury." The power conferred in this section to grant, at least, one new trial before *another* jury, where the verdict is contrary to evidence, *and* the principles of justice and equity, is broad and comprehensive. In the exercise of this power, the presiding judge must necessarily have a discretion. By the 3717th section, it is declared that "the presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." By the 3713th section, the presiding judge has the power to grant a new trial in any case before *another* jury, when the verdict is contrary to evidence *and* the principles of justice and equity. By the 3717th

section, the presiding judge may exercise a sound discretion in granting or refusing a new trial in cases where the verdict may be decidedly and strongly against the weight of the evidence. Whether the presiding judge granted the new trial in this case on the ground that the verdict was decidedly and strongly against the weight of the evidence, or whether he granted it on the ground that the verdict was contrary to evidence *and* the principles of justice and equity, does not appear in the record affirmatively, but he had the power, under the law, to exercise his discretion in granting the new trial on both or either of those grounds, and this court will not control that discretion unless it has been manifestly abused, which it has not, in our judgment, in this case. To fully give our reasons for thinking so would necessarily involve an expression of opinion in relation to the evidence in the record, and as there is to be a new trial before another jury, we decline to do so. As a *general rule*, this court will not interfere to control the exercise of the sound discretion of the presiding judge in granting one new trial before *another* jury, unless that discretion has been manifestly abused.

Let the judgment of the court below be affirmed.