CREECH *vs.* RICHARDS, administrator.

1. A motion for new trial reaches the errors in the finding of the jury, or such errors of the court as may have led to the finding, but is not the proper method of correcting errors in a decree. Such errors can be reached only by direct exception thereto or by motion to correct them.
2. It does not appear that there was any error in the decree in this case.
(a.) One who leased homestead property from the head of the family for a term of years, and placed valuable improvements thereon had an insurable interest therein, and having insured the tenements on the property for his own benefit, upon the occurrence of a loss by fire, he alone was entitled to recover therefor.
3. Where a case is tried on special issues of fact, the court should only submit to the jury such issues as, when taken in connection with the admitted facts in the pleadings, will enable him to render a full decree in the case. But the submission of improper issues does not bear on the errors assigned in this case.

January 12, 1886.

New Trial. Verdict. Decree. Practice in Superior Court. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1884.

Mary A. Creech (formerly Clements), for herself and

as next friend of her minor children, filed her bill against R. H. Esterbrook and the Phœnix Insurance Company, alleging, in brief, as follows: The complainant's husband died, leaving complainant (his widow) and certain children. He owned certain real estate in the city of Augusta, and after his death, the complainant applied for and obtained a homestead therein. She subsequently bought another lot. Esterbrook ingratiated himself into her confidence, promised her a home for life, and without consideration obtained from her two mortgages covering the homestead lot and one of them covering also her other lot. He also obtained from her, in like manner, a lease on the property for three years, his plan being in the meantime to foreclose one of the mortgages, sell the property and buy it in. Without any consent of the minor beneficiaries, Esterbrook proceeded to place improvements on the homestead lot to the extent of $500. He took out a policy of insurance for $1,000. He was attempting to dispossess the complainant and her children, in spite of his promises, when the house was burned. She claims that the amount of the insurance rightfully belongs to her and her children, on the ground that Esterbrook was a mere trespasser. He was alleged to be insolvent. The object of the bill was to enjoin Esterbrook from collecting the insurance, to have it paid to her and her children, and to cancel the lease and mortgages as a cloud upon the title.

Esterbrook answered, in brief, as follows: Denies all fraud or making of promises, as alleged in the bill. The mortgages were made to secure money actually loaned, to make improvements on the property, and to pay a balance of purchase money on the complainant's lot. He took the lease, paid rent, and put improvements on the property to the amount of $1,150. If any homestead ever was taken, it was not recorded in the office of the clerk of the superior court, and this defendant had no notice or knowledge of it. The homestead lots had been sold for taxes, and he advanced money to redeem them, and this was secured by

one of the mortgages. The complainant asked to be allowed to remain in the house for a short time, which he permitted. When the debt secured by the first mortgage fell due, it was not paid, and the defendant proceeded to foreclose it, and the suit is now pending. This defendant desired to insure the property as a security in case the building should burn. The agent of the company, after ascertaining that he held mortgages, made out the policy in the name of the complainant, with "loss, if any, payable to" Esterbrook. His loss was very heavy. Since the fire, the complainant refuses to make out any proof of loss. He prays that she be compelled to do so, and that the company pay the money to him. He denies insolvency.

By agreement of parties, the insurance company paid $500 into court, and was discharged from liability.

A verdict was had on special issues of fact, and a decree rendered awarding the money arising from the insurance to Esterbrook, discharging the homestead lots from the mortgages and lease, and allowing the mortgage to proceed against the lot individually owned by the complainant. The costs were decreed to be paid equally by the parties. The complainant moved for a new trial on the following grounds:

(1.) Because the verdict is void and illegal for uncertainty.

(2.) Because the decree is erroneous, in that it gives to the defendant the entire insurance money, and allows no part of it to the complainant.

(3.) Because the decree requires the complainant to pay half the costs.

The motion was overruled, and she excepted. Pending the suit, Esterbrook died, and Richards, his administrator, was made a party in his stead.

S. F. Webb, for plaintiff in error.

Leonard Phinizy, for defendant.

BLANDFORD, Justice.

1. The plaintiff in error seeks to correct a decree by motion for new trial. If the decree was wrong, it is not competent to correct the same by motion for new trial; a motion for new trial reaches the errors in the finding of the jury, or such errors of the court as may have led to the finding, but an error in a decree can be reached alone by exception thereto, or motion to correct the same.

2. In looking at the record in this case, we are not satisfied that there was any error in the decree. Esterbrook leased the premises for a term of years. This gave him an insurable interest in the same, and he did insure the tenements thereon for his own benefit. When a loss occurred by fire, he alone was entitled to recover for such loss. His lease was good, he having leased the homestead property from the head of the family, and placed valuable improvements thereon. Esterbrook was no trespasser on the property insured, but he went into possession of the property under lease from a person whom the law gave the right to lease the same.

3. There were several questions submitted to the jury by the court which were improper, but this does not bear on the error assigned in this case. The court should only submit such issues of fact to the jury, as, when taken in connection with the admitted facts in the pleading, will enable him to render a full decree in the case.

Judgment affirmed.