18359. POWELL *v.* GRIFFITH.

JENKINS, P. J. 1. While this court may, under section 6149 of the Civil Code of 1910, require the clerk of the court below to certify and send up any portion of the record of the case in that court which has not been brought up, and which, in the opinion of this court, is necessary to be before it in order to adjudicate fully and fairly the questions at issue and the alleged errors, and while this court may, under section 6151 of the Civil Code, when the incompleteness of the record in a material point is suggested upon the oath of a party or his counsel, consider as a part of the record the admission in writing of the opposite party as to the existence and effect of the omitted part, these provisions of the statute have reference only to the record actually made and existing in the court below. Such a record can not be augmented or altered by the trial judge (*Jones* v. *State*, 64 *Ga.* 697 (2); *Minhinnett* v. *State*, 106 *Ga.* 141 (2), 32 S. E. 19); nor can it be augmented, altered, or amended by agreement of counsel. *Board of Education* v. *Day*, 128 *Ga.* 156 (57 S. E. 359). Accordingly, where, as here, the brief of evidence, as approved by the trial judge, recites that a certain contract was introduced in evidence, "copy of which is hereto attached, marked exhibit A," but it is not attached to the brief of evidence or otherwise set out therein, and where the clerk of the trial court certifies, in response to an order of this court, that such contract was never filed in his office as a part of the brief of evidence, so as to become a part thereof, this court can not consider the contract as a part of the record. This is true even though counsel may agree that the contract was in fact introduced in evidence, and agree as to its contents. Accordingly, the case must be decided under the general rules of law, without reference to any special stipulations embodied in the rent contract.

2. "It is a general rule of law in force in this State that, in the absence of a contract giving him the right so to do, the tenant can not lawfully remove fixtures annexed to the freehold, which he has placed on leased land. The exception to this rule exists only in the case of trade fixtures. Section 3696 of the Civil Code is construed to refer to trade fixtures." *Wright* v. *DuBignon*, 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669). Under the provisions of this section of the code a tenant during the term or during a continuation thereof, or while he is in possession under the landlord, may remove such fixtures erected by him. After the term and possession are ended, they are regarded as abandoned to the use of the landlord, and become the latter's property. Accordingly, in the instant suit in trover to recover certain shelving supplied by the tenant for use in the rented property, the lease having expired, they could not be recovered, even as trade fixtures, if attached to the realty.

3. It appears, from undisputed evidence, that the shelving was attached to and built upon certain two by fours laid upon the floor of the store-room. The evidence is in conflict as to whether the two by fours were attached to the flooring or not. The evidence for the defendant indicated that such was the fact; the evidence for the plaintiff indicated that such base supports were not attached to the flooring, and were not intended to be, except that in nailing the shelving to the two by fours a few of the nails might have penetrated a little beyond the two by fours, thus slightly entering the flooring. Exception is taken to the charge of the court to the effect that if the shelving was not intended to be attached to the realty, but that in driving nails through the shelving into the base support some of them unintentionally were made to protrude through such unattached base support and into the flooring, this fact would not, as a matter of law, make the shelving a part of the realty. The court fully submitted to the jury the issue of fact as to whether the base supports were otherwise attached to the realty. *Held:* There was no error in this charge.

4. The evidence being in conflict as to whether the shelving was attached to the realty so as to constitute it a fixture, and the judge having properly submitted this issue to the jury, the verdict in favor of the plaintiff can not be disturbed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided March 16, 1928.

*C. W. Foy,* for plaintiff in error. *Homer Beeland,* contra.