23480. TOWNSEND et al. v. MORRIS et al.

DUCKWORTH, Chief Justice. The material portions of this record, succinctly stated, are as follows: Dennis and Ireland Townsend sued Herman Morris and The Home Insurance Company, alleging that Morris as their tenant obtained fire insurance on the rented building, his fixtures and goods therein in which policy Morris was named sole beneficiary; the building was destroyed by fire and the insurance company paid the full amount of the policy to Morris; although the lease was for five years, as established by a consent judgment, Morris allegedly had no insurable interest. The lease attached to the petition provides "he further agrees that he will deliver said premises at the expiration of the lease in as good repair as when first received, natural wear and tear excepted." The prayers were for judgment against Morris for $13,638.50, the alleged value of the burned premises, and against the insurance company for $5,000, the full amount of the insurance policy covering the building, to be applied to the $13,638.50 sought against Morris. Separate general demurrers were filed, heard and sustained, and the petition dismissed, and the plaintiffs appeal and enumerate as error the judgments on the demurrers. *Held:*

1. The lease held for five years constituted an insurable interest in Morris. *Code Ann.* § 56-2405 (Ga. L. 1960, p. 289). But even had he had no insurable interest the insurer alone could raise that question, and since the insurer paid the full amount of the policy to the named beneficiary it thereby fully discharged any liability it had, and the petitioners have no claim whatsoever against it. *Creech v. Richards,* 76 Ga. 36; *Chance v. Metropolitan Life Ins. Co.,* 147 Ga. 396 (94 SE 239); 46 CJS 19, § 1140. The court did not err in sustaining the general demurrer of the insurance company and dismissing the petition as to this defendant.

2. The above quoted portion of the lease which obligated the tenant to deliver the premises at the expiration of the lease "in as good repair as when first received, natural wear and tear excepted" relieved the tenant of any possible obligation to restore the burned premises. *Williams v. Bernath,* 61 Ga. App. 350 (6 SE2d 184). There is no allegation that the tenant in any way defaulted in his duties as assumed under the lease. Consequently, no grounds are alleged that would authorize a judgment against the tenant in any amount. The court did not err in sustaining the general demurrer of the defendant Morris, and in dismissing the petition as to him.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1966—DECIDED MAY 26, 1966—
REHEARING DENIED JUNE 9, 1966.

*Albert E. Butler,* for appellants.

*Zorn & Royal, Wm. A. Zorn, Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., Scott Charlton, Thomas & Howard, Hubert H. Howard,* for appellees.