## 58012. BACKUS v. RAY JONES, INC. et al.

BIRDSONG, Judge.

Summary judgment. The facts show that in 1967 the appellee, Ray Jones, Inc., purchased a 90-acre tract for residential development. Its development procedure was to mark off the center line of the proposed roads and streets, grade and surface these roads and streets and lay in the curbing and sewers. Jones also cleared the common area in the development. Over a period of several years, Jones cleared nine subdivision units. It is uncontested that Jones gave specific instructions to the graders of the roadways and common areas that all trees and other debris would either be burned on site or removed from the site or taken to dump areas and burned. The president of

Ray Jones, Inc. by affidavit established that he was on site almost daily throughout the development stage and was satisfied that no trees or stumps were used as fill material in the grading process. The grader involved also gave an affidavit in which he stated that he graded only the roadway areas and common grounds. All trees, stumps and other debris was either burned on site or removed from the site. At no time did he use stumps, trees or debris as fill material. Both Jones and the grader affirmed that all grading was restricted to the roads and common areas and did not involve individual lots in the subdivisions. The unit involved in this litigation was developed in 1971-72.

In 1972 Jones sold two lots to a builder, Culpepper. Culpepper, by affidavit stated that when he bought the lots, they appeared level and showed no signs of filling. In 1975, Culpepper selected a position on one of the lots and built a house thereon. Culpepper did not consult or otherwise seek the advice of Jones in the location or manner of building the house. Culpepper sold the finished house and lot to the appellant Backus in 1975. In 1977, Backus found the house to be settling on one corner. An attempt to repair cracks in the foundation was made. In 1978 further cracks occurred. Backus excavated the area under the corner of the house that was settling. At that time numerous stumps and debris were removed from the excavated area. These were rotting and disintegrating, thus allowing subsidence of supporting earth and settling of the house. Backus brought this suit seeking damages from both Culpepper and Jones. Backus' theory in the form of res ipsa loquitur was that either Jones or Culpepper used the stumps and debris as backfill inasmuch as it was uncontested that the stumps and debris were found under several feet of earth. Culpepper did not believe that he had placed the stumps and debris in the lot but would not swear that his employees might not have followed such procedures contrary to his instructions. The trial court granted summary judgment to Jones. This appeal followed, enumerating as error this grant of summary judgment. *Held:*

We believe that Backus has misconceived the applicability of the theory of res ipsa loquitur. In order to

prevail, Backus must show that the land and the filling operation was within the exclusive control of Jones and his employees, and that the placement of the stumps in the ground probably occurred because of the voluntary or negligent acts of Jones while the real estate was in his exclusive control. *Atlanta Coca-Cola Bottling Co. v. Ergle,* 128 Ga. App. 381, 383 (196 SE2d 670).

Appellant Backus would require the inference to be drawn that because admittedly stumps and debris were found buried underground and that Jones had been engaged in grading operations in the area, perforce Jones was the causative force which placed the stumps in the ground that resulted in his injury. This, of course flies in the face of the equally applicable inferences that Culpepper placed the stumps and debris as backfill on the lot when building the house or that an owner of the land earlier than Jones might have discarded stumps and debris in that location. These inferences are not dispelled by any evidence in the record. It further disregards uncontradicted evidence by way of affidavit by Jones and his grader that not only were they not grading on the residential lots but that also at no time were stumps or debris used as fill material. It has been held that res ipsa loquitur should be applied with caution; that it is not applicable where there is an intermediary cause which produced or could have produced the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent. *Hospital Authority of the City of St. Marys v. Eason,* 222 Ga. 536, 541 (150 SE2d 812). The vice in Backus' position is that one must arrive at the ultimate fact of Jones' culpability based upon an inference and not upon the proof of facts showing the probability of Jones' negligence or wilful misconduct. Where the inference of negligence is dependent upon circumstantial evidence, and direct unambiguous testimony shows that the defendant was without negligence, a verdict for the plaintiff is unauthorized. *Miller v. Gerber Products Co.,* 207 Ga. 385, 388 (62 SE2d 174); *Emory University v. Bliss,* 35 Ga. App. 752 (134 SE 637). We will not presume culpability based upon inference only nor do we find that the trial court

erred in declining to do so either.

We are thus faced with a general allegation of inferred causation in the pleadings advanced by Backus answered by specific factual denials of causation by Jones. In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury. *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668). Under the posture of the evidence before the trial court in this case, it was not error to grant summary judgment to Jones.

*Judgment affirmed. Quillian, P. J., concurs. Smith, J., concurs in the judgment only.*

ARGUED JUNE 12, 1979 — DECIDED
JULY 13, 1979.

*Hutcheson & Hull, Ward D. Hull,* for appellant.
*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Steven A. Brickman, Robert H. Stringer,* for appellees.