### 60721. BREWER et al. v. BREWER et al.

DEEN, Chief Judge.

C. H. Brewer died in August, 1977, leaving approximately 600 acres, 270 in arable land, to be divided among his children. The litigants include the plaintiff executor William Brewer and three siblings, and defendants Clayton and James Brewer, brothers and co-executors and Larry, son of Clayton. The land was divided in 1979. This action concerns rents, profits and damages for the year 1978, the complaint alleging (a) that the defendants deprived the estate of substantial rentals amounting to $14,000 in 1978 and (b) Larry, with the connivance of Clayton and James, farmed around 50 acres of the farmland without payment of any rent, the fair market value of which would be $9,000.

At the end of the testimony the court directed a verdict in favor of the defendants, and plaintiffs appeal. *Held:*

1. Although there is some reference to the year 1977 we do not consider the use of the property during that year to be involved since C. H. Brewer was then in life and made his own arrangements for the farming of the property, and there is no allegation that any debts to the deceased were owed by any of the defendants.

2. As to the damages sought for inability to rent the land to the alleged offeree Wilkes in 1978, Wilkes himself, although an obviously reluctant witness, made it clear that his failure to go through with his offer to rent the land for $9,000 was not due to the fact that Larry Brewer was farming a part of it, but was due entirely to information he had received that the heirs were fighting among themselves, and he did not wish to get involved. It thus appears that no damages were proved for failure to secure a rental agreement from a third party which could be attributed to any actions on the part of defendants in using a part of the land for their own farming purposes. The evidence thus demanded a finding that the defendants were not liable for any damages due to this cause.

3. The remaining issue involves the land farmed in 1978 by

Larry Brewer, which he contended was his father's share of the estate, and which included a portion of the total peanut allotment of the Brewer farm which Larry had had set aside, according to his testimony, as representing that portion of the allotment to which Clayton Brewer would be entitled. The defendants contended that they were entitled to a directed verdict on this issue because Larry was using only his father's portion of the land with his father's consent; that his father and the other legatees were, until the final distribution, tenants in common, and that accordingly, under Code § 85-1003 he owed the estate nothing since all tenants in common have a joint right of possession and "so long as he occupies no greater portion of it than his own share would be on division ... he shall not be liable to account for rent to his co-tenant." Only if one tenant in common receives more than his aliquot portion of rents or profits derived from the property does liability arise. Code § 85-1004. At this time a deed dividing the property equally between the siblings was being prepared, and its contents were known, but it was not executed until March, 1979. It should be noted that the plaintiffs are suing as heirs and legatees, not as administrators of the estate, and the litigation places one executor as plaintiff and two fellow executors on the other side of the versus. For a comparable situation, see *Zeagler v. Zeagler,* 190 Ga. 220 (4) (9 SE2d 263) (1940).

Since Larry Brewer was using the property with his father's consent he stands in his shoes, and the situation is not the same as though Clayton had attempted to lease a portion of the land to a third party during the pendency of the administration. This he could not have done without joining his coexecutors. *Collins v. Collins,* 157 Ga. 85, 89 (121 SE 218) (1923). Although when one of the co-tenants in his use of his own share of the estate withdraws from it some essential property he will be liable to his co-tenants, such co-tenant nevertheless does have the right to use his own undivided share, only accounting for the excess used without the consent of his co-tenants. *Slade v. Rudman Resources, Inc.,* 237 Ga. 848, 850 (230 SE2d 284) (1976).

Since the defendant Clayton Brewer was entitled to his undivided portion of the land for farming, either personally or through permission granted by him to his son, and since there is no evidence from which it can be established that either received more than his share of the "rents and profits," the direction of a verdict in favor of the defendants was proper. It is unnecessary to decide whether the situation would be otherwise if the estate could have realized income by renting the property as a whole to a third person during its administration. The testimony of the putative lessee that Larry's use of the property had no effect on his decision not to rent it

removes that issue from further consideration.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED OCTOBER 1, 1980 — DECIDED OCTOBER 28, 1980.

*Lawton Miller, Jr.,* for appellants.
*B. H. Baldwin,* for appellees.