64928. FERGUSON et al. v. BANK OF THE SOUTH et al.

DEEN, Presiding Judge.

In this action for delinquent rent the plaintiff, Points North Corporation (who had leased the property from the deceased owner here represented by executors Bank of the South and Nina Hosch), operated a restaurant and lounge known as Blackbeard's for a short time and then subleased the establishment. There were various changes and modifications among the sublessees. By December, 1978 the Fergusons and Gauders had formed a partnership and were operating Blackbeard's at a rental of $4,000 per month. The Gauders' involvement according to their testimony ceased by May, 1979. The sublease terminated on July 15, 1979, and was not renewed.

In February, 1979 the four partners converted into a corporation in which they held equal shares, under the name Blackbeard's, Inc. The operation failed and had completely shut down by December 15, 1980.

In 1981, Points North brought its action for rent against the four partners, the Gauders and the Fergusons, who had signed the sublease. The executors of the Hosch estate intervened seeking the collection of back rent from the plaintiff, the original lessee, whose lease was still in effect. The jury under special instructions and verdict forms returned a verdict finding for the intervenors against Points North Corporation in the amount of $17,600. It also found in favor of Points North against the Fergusons in the amount of $34,464, and in favor of the Gauders against Points North. This determination, under the special instructions, constituted findings that the corporation Blackbeard's, Inc. had not been substituted under the lease as the subtenant or as a tenant at will and that Points North was entitled to damages in the form of delinquent rentals after the termination of the sublease on July 15, 1979, against the Fergusons (who were operating the restaurant) but not against the Gauders.

That part of the verdict in favor of the plaintiff intervenors is not contested. The Fergusons appeal primarily on the basis that the corporation Blackbeard's, Inc. and not they individually was

responsible for the delinquent rental.

1. Under the sublease as modified the Fergusons and Gauders were tenants of Points North, and accordingly could not dispute the latter's title. Code § 61-107. The option rests not with the subtenant or the original lessee, but with the owner, who may elect to evict a subtenant allowed in possession contrary to lease provisions and without his knowledge (see *Bass v. West,* 110 Ga. 698 (5) (36 SE 244) (1900)) or to treat the subtenant as his own tenant, thus releasing the original lessee. See *Stallings v. Shell Petroleum Corp.,* 54 Ga. App. 359 (3) (188 SE 50) (1936). Even though the original lease between the owner and Points North may have required the approval of subtenancy to be in writing, this is a stipulation between those parties only. It may be waived by them. When both the plaintiff and the plaintiff intervenor made no objection to the subtenancy, which was observed by the surrender of possession and reception of rents by Points North, the appellants cannot complain of a failure to observe lease conditions to which they were not parties, and which inured to their advantage.

2. The evidence was in conflict and warranted but did not demand an inference that Points North, through its officer Lawson, was aware that the partners who were its tenants d/b/a Blackbeard's had applied for and obtained a corporate form designated Blackbeard's, Inc. in which they owned equal shares. Lawson himself testified that he did *not* know this, and that although there had been an early conversation about the Fergusons and Gauders forming a corporation at a future time, he had told them that was satisfactory but that he would look to the individuals signing the lease for the carrying out of its responsibilities. There are in evidence two hand-printed checks for rent with "Blackbeard's, Inc." hand written in the upper left corner, but these checks were signed by Mrs. Gauder in her individual capacity. There were, after February, 1979, a few checks printed "Blackbeard's, Inc." in very small type over the signature of the individual tenant which, except for the small letters "Inc." looked exactly like prior rent checks which had been received on a more or less regular basis. As to these, Lawson testified positively that he neither noticed the addition of "Inc." after the printed name nor was it ever called to his attention. It was a jury question as to whether Points North was estopped to insist on the tenancy of the individual defendants, and this was obviously decided against the appellants. The case differs from *Johnson v. Wilson,* 165 Ga. 810 (142 SE 70) (1927) where estoppel was held to result as a matter of law. There an unauthorized sublease was made by the tenant to a third person who then moved in, ran the business, and paid rent directly to the original lessor. Here, the same persons (the defendants) ran the

business, signed the checks, and continued in all respects as the same operation before and after the incorporation.

3. It is clear from the evidence that the Gauders did in fact withdraw from the business after May, 1979, and the sublease agreement expired on July 13, 1979. The back rent sued for is rental after these dates and up to December 15, 1980, when the restaurant closed. A tenant who stays on after the termination of the lease and pays rent with the permission of the landlord becomes a tenant at will. *Hooks v. Lease,* 68 Ga. App. 850 (24 SE2d 601) (1943). We have held that jury questions did in fact exist both as to whether Points North was estopped to deny that the sole entity responsible for rent after February, 1979, was the corporation, and as to whether after these dates the Gauders had in fact withdrawn from any part of the further operation of the restaurant business, including leasing the premises, so as to leave the appellants Ferguson as tenants at will liable for the delinquent rents. The jury decided both these questions against the appellants. The evidence was sufficient to support the verdict. The Fergusons were the only persons occupying the premises and running the business after the expiration of the lease. The Gauders could not be liable in these circumstances except as partners. Code § 75-103. On that theory the appellants took the position throughout the case that the partnership had been terminated at the time of formation of the corporation. The plaintiff did not appeal the verdict in favor of the Gauders, and it was not in issue as between the defendants. No error of law appears.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 29, 1982 — 

*Stanley F. Birch, Jr.,* for appellants.
*William H. Blalock, Jr., William L. Rogers, Jr., William Hammond Johnson, Jr.,* for appellees.