## 64984. WILLINGHAM v. BRIDGES et al.

Deen, Presiding Judge.

1. Affidavits opposing the grant of summary judgment "may be served not later than one day before the hearing unless a different period is fixed by ... order of the court." Code § 81A-106 (d), and see Code § 81A-156 (c). The court is vested with a discretion to consider affidavits not so served, and if he does so there is no requirement that a writing to that effect appear in the record. *Liberty Nat. Life Ins. Co. v. Houk,* 248 Ga. 111 (1) (281 SE2d 583) (1981). Where he does not in his discretion choose to consider those untimely filed no error appears. *Dutton v. Dykes,* 159 Ga. App. 48 (1) (283 SE2d 28) (1981); *Oliver v. Thomas,* 158 Ga. App. 388 (280 SE2d 416) (1981). The two affidavits offered and served by the plaintiff at the time of hearing were properly disallowed.

2. Briefly, the appellant's complaint alleged that the defendant Carolyn Bridges lived with her mother, defendant Margaret Bridges, and while driving her mother's automobile collided with and injured the plaintiff. Margaret Bridges moved for summary judgment and by affidavit attached to her pleading deposed that her daughter was not a resident of her household at the time of the collision or thereafter; she also denied having any control over or property interest in the vehicle Carolyn was driving or over Carolyn and denied any agency or family purpose relationship. No sworn statement controverting these positions was offered. "[T]he defendants' assertion that there was no agency is a statement of fact sufficient to support a motion for summary judgment but the bare assertions made by the appellant, as an outsider, as to the agency are merely conclusions of law, and are insufficient to withstand the motion." *Oliver v. Thomas,* 158 Ga. App. 388, supra, et cit. There is nothing here but unsworn statements in the pleadings to indicate that Margaret Bridges had any interest in the vehicle her daughter was driving; she denies under oath that she did or that any agency relationship existed. Accordingly, the complaint completely fails to state a cause of action against her which will survive the motion for summary judgment.

3. As to the two amendments which the court disallowed, they would have tended to establish only (1) that Carolyn was the driver of the vehicle colliding with the plaintiff's car, (2) that she was living with her mother, Margaret, at the time of the collision, and (3) that Carolyn caused the collision. These statements are all relevant to the action against Carolyn, but she did not participate in the motion for summary judgment. Accordingly, our judgment would not in all likelihood have been affected even if the trial court had admitted them for consideration.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1983.

*Harry Rand, Donald F. Ruzicka,* for appellant.
*Lawrence J. Hogan,* for appellees.