67086, 67087. DOZIER v. WALLACE et al.; and vice versa.

BIRDSONG, Judge.

This appeal arises from the trial court's award of partial summary judgment to appellees Wallace and Inge in this action to recover rents allegedly due on a lease. Wallace and Inge are 77% owners in the co-tenancy Windy Hill Professional Building (hereinafter "the co-tenancy"), and appellant is the lessee pursuant to two leases for office space in Windy Hill Professional Building. The trial court concluded that appellees demonstrated beyond genuine issue that appellant had defaulted under his lease agreements and that appellees were entitled to recover $18,086.36, which is 77% of the past due rent accruing through December 1, 1982, as a result of appellant's alleged breach. Appellant enumerates three

errors on appeal, in which he challenges both the grant of appellees' motion and the denial of his motion for summary judgment. In a cross-appeal, appellees cite as error the trial court's failure to award attorney fees as specified in the lease agreements.

The record reveals little dispute about the basic facts giving rise to this action. Appellant executed two leases, one covering July 1, 1980, through May 31, 1981, and the other covering June 1, 1981, through June 30, 1983, for the subject office space. The lessor pursuant to both leases was "Windy Hill Professional Building, a co-tenancy of Cobb County, Georgia." The first lease was signed on behalf of the co-tenancy by Jim Rice, a 23% owner in the co-tenancy. The second lease was signed on behalf of the co-tenancy by appellee Wallace, a majority owner in the co-tenancy. Both leases provided a base rent, which was to be adjusted upward at the end of each year to reimburse the landlord for the tenant's pro rata share of any increases in operating expenses. The parties refer to this adjustment as "additional" rent. The leases contained a clause prohibiting the tenant from subletting his space "without the prior written consent of the Landlord endorsed hereon. . . . Landlord shall not unreasonably withhold said consent."

During May or June, 1981, appellant was approached by Rice with a proposal to sublease appellant's office space to Rice's company. On June 12, 1981, appellant purported to sublease the premises to Rice's company effective July 1, 1981. By letter dated June 11, 1981, addressed to appellant, Rice purported to "accept the subletting of your space to [Rice's company] under the terms and conditions of your letter." Rice signed the letter as a "partner" in the "Windy Hill Professional Building."

By letter dated June 30, 1981, Wallace reminded appellant of the necessity of obtaining landlord approval for any sublease. By letter dated July 1, 1981, Robert Butt, the property manager for Windy Hill Professional Building, notified Rice that his occupancy beginning that date had not been approved by the co-tenancy and that appellant would remain obligated for rents pursuant to the lease agreements. This position was reaffirmed by Wallace in a letter to Rice dated August 8, 1981. Rice's company remained in possession of the premises from July 1, 1981, through October 27, 1981, and paid the base rental for the months July through October. The company's departure in October was at the behest of appellees. On October 27, 1981, Wallace informed appellant again that the provisions of the lease would be strictly enforced, and on November 19, 1981, appellees' counsel sent appellant a demand letter requesting, among other things, that all past due rents be paid and informing appellant that appellees would seek attorney fees as provided in the lease

agreements.

Appellees' motion for summary judgment sought all rents due and owing through December 1, 1982. Appellant has failed to produce any evidence disputing the damages set forth by appellees in their motion for summary judgment. Thus, it is undisputed that as of December 1, 1982, $23,488.78 in rent had not been paid pursuant to appellant's lease agreements. *Held:*

1. The trial court's order was based upon the finding that appellant was in default in the payment of $23,488.78 (77% of which is $18,086.36) pursuant to the lease agreements, irrespective of the effectiveness of the purported sublease between appellant and Rice. Central to this holding is the conclusion that appellant remained liable for rents under the lease agreements despite the validity of a sublease. Although the sublease clause contained in both agreements is inartfully worded with respect to the tenant's continuing liability subsequent to a sublease, it is well settled that as a matter of law "the status of the original tenant with the owner remains the same, and the original contract between them remains unimpaired" *(Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* 37 Ga. App. 210 (1) (139 SE 357)), by the sublease, absent a contrary provision in the lease or a release of the original tenant by the landlord. See also *Splish Splash Waterslides v. Cherokee Ins. Co.,* 167 Ga. App. 589 (4d) (307 SE2d 107).

2. Despite appellant's contention to the contrary, the record establishes without dispute his default with respect to the 1980 "additional" rent. Appellant testified unequivocally during his deposition about the amount owed for 1980 "additional" rent and his effort to pay that rent in unspecified installments during the first half of 1981. There is no evidence in the record that would support appellant's argument that his liability for the 1980 "additional" rent was not known or incurred by the date of the purported sublease.

3. A tenant in common is entitled to his share of the use, rent, and profits from the jointly-owned property. See OCGA § 44-6-121 (Code Ann. § 85-1003); *Brewer v. Brewer,* 156 Ga. App. 268, 269 (274 SE2d 671). Tenants in common may sue severally to recover their interest, but their recovery is limited to their share. *Sanford v. Sanford,* 58 Ga. 259 (2). Thus, the trial court correctly awarded appellees their respective shares of the 1980 "additional" rent.

4. Appellees contend that our inquiry into this case needs to go no further than the finding of a default on the part of appellant with respect to the 1980 rent. However, we perceive appellant's primary contention on appeal to be as follows: If the sublease to Rice's company was effective and proper pursuant to the second lease agreement, i.e., was obtained with the consent of or ratification by

"the landlord," then appellees' demand that Rice's company terminate its occupancy of the premises was wrongful and precludes appellees from recovering those rents that would have been paid by Rice had his sublease not been terminated improperly. Thus, appellant argues that he cannot be held in default on those rental payments that were the responsibility of Rice pursuant to the sublease because neither he nor Rice "defaulted" on those obligations. Consequently, we must determine whether the sublease was valid and improperly terminated in order to determine whether a jury issue has been presented with respect to appellant's liability for the remainder of the rent addressed in their motion for summary judgment.

(a) "[A] tenant in common has no power to lease the common property, *without the consent of the remaining cotenants,* and such a lease is not binding as to those cotenants not assenting thereto. [Cits.]" *Motor Aid v. Ray,* 53 Ga. App. 772, 773 (187 SE 120). " 'Where one cotenant, without authority from his cotenants, executes a lease under seal for such cotenants, the latter are not bound; and until they become bound, the contract signed by the other cotenant for them lacks the element of mutuality between them and the lessee, and the lessee's holding is to be considered as a tenancy at will.' [Cits.]" *Friedman v. Goodman,* 222 Ga. 613, 618 (151 SE2d 455). In *Givens v. Dunn Laboratories,* 138 Ga. App. 26, 28 (4) (225 SE2d 480), this court stated: "[U]nless all co-tenants agree to change the terms of the [lessee's] tenancy . . . after they had consented to" (id.) the lease, the terms of that lease could not be changed by the action of only one co-tenant. Thus, absent the consent of his co-tenants, Rice was without authority to approve the sublease. The same result would be obtained if we viewed the co-tenancy from the standpoint of a joint venture. *First Nat. Bank v. Vason,* 164 Ga. App. 309 (2) (297 SE2d 85).

(b) We agree that the record has eliminated any genuine issue of material fact (OCGA § 9-11-56 (Code Ann. § 81A-156)) regarding the impropriety of the purported sublease to Rice's company. Appellees have categorically denied their consent to that sublease, and their direct statements of fact are supported by letters contemporary to the purported sublease specifically informing appellant of the need to obtain proper consent prior to entering into a sublease. Appellees' denial of consent to the sublease has not been rebutted by any direct evidence or any circumstantial evidence necessarily inconsistent with their denial. The only facts we have gleaned from the record that might arguably support an inference of consent by appellees are the facts that Rice executed a prior lease on behalf of the co-tenancy and apparently took an active role in the

operation of the premises. " 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' [Cits.]" *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, 564 (249 SE2d 668). See also *Withrow Timber Co. v. Blackburn,* 244 Ga. 549, 553 (261 SE2d 361); *Splish Splash Waterslides,* supra, (4e); *Robertson v. Lumbermen's Mut. Cas. Co.,* 160 Ga. App. 52, 55 (286 SE2d 305); *Intl. Computer Group v. Data Gen. Corp.,* 159 Ga. App. 169 (2) (283 SE2d 12); *Backus v. Ray Jones, Inc.,* 150 Ga. App. 753, 756 (258 SE2d 693); *Brown v. Tucker Prof. Assocs.,* 139 Ga. App. 740 (3) (229 SE2d 541). "This . . . is a variant of the rule of *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700), which held: 'Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the [party] to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.' " *Fletcher Emerson Mgt. Co. v. Davis,* 134 Ga. App. 699, 702 (215 SE2d 725). In view of the uncontradicted and unimpeached evidence produced by appellees in support of their motion for partial summary judgment, the record demonstrates no genuine issue of material fact as to appellees' non-approval of the sublease in question.

(c) Although appellant implies the contrary, there are no facts in the record giving rise to an issue as to whether appellees have ratified the unauthorized sublease. "The landlord's election to recognize an unauthorized subtenant as his tenant 'may be effected by an expressed recognition . . .' or it may be implied from such affirmative acts and conduct as will clearly indicate an intention on the part of the landlord to effect such a substitution. . . . [*Garbutt,* supra]' *Liberty Loan Corp. v. Leftwich;* 118 Ga. App. 383, 384 (163 SE2d 837)." *Splish Splash Waterslides,* supra (4c). Appellant has shown no act, other than the acceptance of four months' rent, on the part of appellees in support of any contention that the sublease had been ratified by appellees. "[M]ere acceptance of payments by the subtenant in accordance with the terms of the original contract made with the original tenant [will not] be held to constitute an abandonment of the contract with the original tenant and the substitution of a new agreement with the sub-tenant." *Garbutt & Donovan,* supra (1). Furthermore, the lease agreement allegedly assigned to Rice's company was executed under seal. "Ratification of such an instrument, to be binding upon the principal, must also be under seal, and can not be by words or conduct." *Roberts v. Burnett,*

164 Ga. 64, 65 (10) (137 SE 773). See also *Friedman v. Goodman,* supra, p. 619; *Cole v. Frostgate Warehouses,* 150 Ga. App. 320, 322 (257 SE2d 309), reversed on other grounds sub. nom., *Frostgate Warehouses v. Cole,* 244 Ga. 782 (262 SE2d 98). Appellant has failed to raise a genuine issue concerning appellees' alleged ratification of the sublease in question.

(d) Because Rice's company was an unauthorized, unratified sub-tenant, appellees had the right to "refuse to recognize the right of possession in the sub-tenant and proceed to expel [it] from the rented premises as a mere intruder. . . ." *Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* supra (1). See also *Bass v. West,* 110 Ga. 698, 705 (5) (36 SE 244); *Splish Splash Waterslides,* supra (2); *Ferguson v. Bank of the South,* 164 Ga. App. 203 (1) (296 SE2d 756).

(e) As appellees have demonstrated that Rice's company was properly ordered to vacate the premises, they are entitled to recover from appellant their share of any rents not collected pursuant to the second lease agreement. See Division 3 above; *Love v. McDevitt,* 114 Ga. App. 734 (1) (152 SE2d 705). Appellant, as previously stated, has not challenged the damage calculations submitted to the trial court by appellees. Consequently, the trial court did not err in entering partial summary judgment in favor of appellees for $18,086.36.

5. In view of our holdings above, it is evident that the trial court did not err in denying appellant's motion for summary judgment.

6. In their cross appeal, appellees allege that the trial court erred in failing to award attorney fees in the amount of 15% of the rent awarded in the trial court's judgment. The leases provide for payment of attorney fees in the amount of 15% of any rent collected through an attorney. Appellant concedes that all conditions specified in OCGA § 13-1-11 (Code Ann. § 20-506) have been met and that the appellees are entitled to attorney fees if they prevail in the main appeal. Accordingly, the trial court is directed to add to the final judgment attorney fees in the amount of 15% of the total award for rent.

*Judgment affirmed and case remanded with direction. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 17, 1983 —
REHEARING DENIED NOVEMBER 29, 1983 —

*Thomas J. Casurella, Roy E. Barnes,* for appellant.
*Carl A. Crowley III,* for appellees.